IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD ) | | |
| OF ELECTRICAL WORKERS, ) | | |
| AFL-CIO, LOCAL UNION NO. 289, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 1:11CV334 | |
| ) | | |
| VERIZON SOUTH, INC., ) | | |
| ) | | |
| Defendant. ) | | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Verizon South, Inc. ("Verizon"). (Docket No. 8.) Also pending before the Court is the motion to compel arbitration filed by Plaintiff International Brotherhood of Electrical Workers, AFL-CIO, Local Union No. 289 ("IBEW"). (Docket No. 12.) These motions have been fully briefed. For the reasons stated herein, the Court concludes that Defendant Verizon's motion to dismiss should be denied and that Plaintiff IBEW's motion to compel arbitration should be granted.

**FACTS, CLAIMS, AND PROCEDURAL HISTORY**

The following summary of facts is taken from Plaintiff IBEW's complaint. Verizon and IBEW entered into a collective bargaining agreement ("CBA") which is applicable to the events giving rise to this action. (Docket No. 1, Complaint ("Compl.") at 2.) In 2009,

Verizon terminated the employment of Brian Pollard and six other employees.[1] (*Id*. at 3.) IBEW filed grievances on behalf of each of these employees. Verizon and the IBEW settled these grievances by entering into a settlement agreement on March 23, 2010. (*Id*.) Pursuant to the agreement, the seven employees were employed again by Verizon. (*Id*.)

On August 6, 2010, Verizon again terminated the employment of Brian Pollard. (*Id*. at 4.) Plaintiff IBEW grieved Mr. Pollard's dismissal unsuccessfully and attempted to have the matter arbitrated, but Verizon rejected this attempt at arbitration. (*Id*. at 4-5.) The parties disagree on whether the 2010 termination of Mr. Pollard's employment is subject to arbitration under the CBA. Verizon, relying on certain language in the settlement agreement, contends that the matter of Mr. Pollard's second termination is not subject to arbitration while Plaintiff IBEW construes the settlement agreement to allow for arbitration of the matter.

## DISCUSSION

**A.** <u>**Standard**</u>

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] Mr. Pollard had completed his 7-month probationary period prior to his being discharged. (Compl. at 3.)

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Where a contract contains an arbitration clause, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

**B.　Construction of Settlement Agreement**

The settlement agreement sets out the terms under which Verizon re-employed Mr. Pollard in March 2010. Paragraphs 8 and 10 of the settlement agreement state as follows:

> 8.　For eligibility of all contractual benefits including, but not limited to, vacation and tour preferences, guidelines, and record-tracking purposes former employees/grievants will be treated as a rehire.
>
> 10.　The grievant's seniority will be restored, including the period of his/her separation of employment. However, it will not be applicable until the employees have completed the required seven (7) month probationary period.

(Compl., Ex. B.)

The collective bargaining agreement executed between Verizon and IBEW states that the Union may submit a grievance matter to arbitration at the conclusion of step 2 of the grievance process. (Compl., Ex. A. at Arts. 4 & 5.) A grievance is defined by the CBA as any alleged violation of the terms of the agreement or any alleged action by Verizon or its representative "which causes an employee to lose his/her job or any benefits arising out of his/her job." (*Id*. Art. 4(1).) Verizon does not dispute that the termination of Mr. Pollard's employment would normally be an issue properly the subject of a grievance and thus for arbitration under the CBA. The question therefore is whether the settlement agreement caused Mr. Pollard's termination not to be arbitrable. If construction of the settlement agreement and the CBA leave any doubt on this issue, this Court must resolve the doubt in favor of arbitration. *See AT&T Techs., Inc.*, 475 U.S. at 650.

Verizon focuses on paragraph 10 of the settlement agreement. (Docket No. 9 at 2.) Verizon links the 7-month probationary period referred to in that paragraph to the 7-month probationary period that "new employees" must complete before their termination will be covered by the arbitration procedures of the CBA. (*Id*. at 2-3 (quoting from Art. 17 of the CBA).) Verizon contends that the reference to the probationary period in the settlement agreement makes Mr. Pollard a "new employee" under the CBA for arbitration purposes. Verizon reasons that his 2010 termination is not subject to the CBA grievance procedures because he had not been re-employed for 7 months at the time. (Docket No. 9 at 3-8.) As for paragraph 8 of the settlement agreement, which refers to Mr. Pollard as a "rehire,"

-4-

Verizon argues that the language of that paragraph does not include eligibility to arbitrate one's termination because no part of the CBA equates "contractual benefits" with that eligibility. (*Id.*)

Neither party contends that the terms "new employee" and "rehire" are specifically defined by the contracts at issue. If a contract does not define a term, the court looks to the term's meaning in ordinary speech, unless the context makes clear that another meaning was intended. *Singleton v. Haywood Elec. Membership Corp.*, 588 S.E.2d 871, 875 (N.C. 2003). The term "rehire" ordinarily refers to one who is employed for a second time, whereas the term "new employee" ordinarily denotes one who has not previously been employed by the employer. The context of these terms in the agreements under review does not compel a different meaning. By their ordinary meanings, one cannot be both a "rehire" and "new employee" for the same purpose.

Given these definitions, this Court cannot agree that Defendant Verizon's construction of the settlement agreement is the only reasonable one. The language of paragraph 8 is broad in scope. By its terms, Mr. Pollard is to be treated as a "rehire" for "eligibility of all contractual benefits." Although the CBA does not explicitly state that the eligibility to arbitrate one's termination is a "contractual benefit," a reasonable interpretation of the term could include Mr. Pollard's eligibility to grieve and arbitrate his termination. Moreover, paragraph 10, upon which Verizon relies to classify Mr. Pollard as a "new employee," is narrowly written. Paragraph 10 addresses only the "grievant's seniority." Mr. Pollard's

seniority would not be restored until he had completed a 7-month probationary period following his re-employment.  Paragraph 10 does not purport to condition Mr. Pollard's *arbitration rights* upon successfully completing the probationary period of the CBA. Therefore, there is substantial doubt that the settlement agreement modified the CBA to exclude from arbitration the latest termination of Mr. Pollard.[2]  Because of this doubt, this Court concludes that his 2010 termination is arbitrable.  *See AT&T Techs., Inc.*, 475 U.S. at 650.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant Verizon's motion to dismiss (Docket No. 8) be denied, and that Plaintiff IBEW's motion to compel arbitration (Docket No. 12) be granted.

                                                        /s/ P. Trevor Sharp
                                         United States Magistrate Judge

Date:  January 26, 2012

---

[2] Verizon attempts to draw support from *United States Postal Serv. v. Am. Postal Workers Union, AFL-CIO*, 204 F.3d 523 (4th Cir. 2000).  However, in that case there was no dispute that the employee who was terminated was a probationary employee.  Therefore, it is no help in determining in this case whether Mr. Pollard was a rehire or new employee for arbitration purposes.